IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03125–WJM–KMT

TINA MCMILLEN,

    Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,

    Defendant.

## **ORDER**

    This matter is before the court on the "Joint Motion to Stay All Proceedings" (Doc. No. 13, filed February 8, 2012).

    The parties seek a stay of these proceedings pending transfer of this case by the Judicial Panel on Multidistrict Litigation (JPML) to MDL No. 2326, *In Re Boston Scientific Corp. Pelvic Repair System Prods. Liab. Litig.* "The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09–cv–00802–WYD–KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.' " *See Lundy*, 2009

WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

The court concludes that stay of proceedings is appropriate here. The court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, the parties agree that a stay of proceedings is in their best interests. The court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the court to reach a different result. The court finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1–2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp.*, Inc., No. 08–cv–02439–CMA–KLM, 2008 WL 4924632, at *3 (D.Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06–cv–02164–WYD–BNB, 2007 WL 188264, at *2 (D.Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings"). Because a stay serve the parties' best interests and the court agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts, the court will enter the stay. *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360–62 (C.D. Cal. 1997) (granting stay where motion to transfer and consolidate cases into

MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay appropriate and conserves judicial resources).

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay All Proceedings" (Doc. No. 13) is **GRANTED**. This case is **STAYED** pending transfer of this case to MDL 2326 for coordinated or consolidated pretrial proceedings. The Scheduling Conference set for February 28, 2012, and all other deadlines in this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting are **VACATED**.

Dated this 9th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3